[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-14563
Non-Argument Calendar
_____

D.C. Docket No. 1:11-cv-01901-TCB

NICOLE V. KING,
JENNIFER S. TAHAN,

Plaintiffs-Appellants,

versus

FERGUSON ENTERPRISES, INC.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(June 4, 2014)

Before TJOFLAT, HULL and WILSON, Circuit Judges.

PER CURIAM:

Nicole King and Jennifer Tahan appeal the District Court's grant of summary judgment in the employment discrimination law suit they brought against Ferguson Enterprises, Inc.'s Atlanta Heating, Ventilation, and Air Conditioning "HVAC" branch ("Ferguson") under Title VII of the Civil Rights Act ("Title VII"), 42 U.S.C. §§ 2000e-2(a)(1), 2000e(k).  King and Tahan shared the Operations Manager position from August 2007 until they were terminated in the fall of 2009.  King was pregnant at the time of her termination.

The District Court assumed without deciding that King and Tahan established a *prima facie* case of gender and pregnancy discrimination.  Ferguson proffered eight legitimate, non-discriminatory reasons for King and Tahan's terminations, including:  (1) the economic downturn affected its business and required labor cuts; (2) its Atlanta HVAC branch was too small in size and sales to pay King and Tahan's combined $75,000 salary; (3) King and Tahan's supervisor, Jon Wallace, reasonably believed the job share role hindered productivity and continuity; (4) Wallace's supervisor, Ron Bullington, told Wallace that the Atlanta HVAC branch did not need someone performing operations tasks full-time, but needed a full-time person who could perform operations and sales; (5) King and Tahan were not interested in full-time employment; (6) King and Tahan did not have HVAC industry or product knowledge; (7) King and Tahan demonstrated that they did not have an interest in learning about the HVAC industry; and (8) King

2

and Tahan's replacement, Chris Bair, had significant HVAC product knowledge and sales experience, was willing to work full-time for less pay, and had significant operational knowledge.  The District Court granted summary judgment in favor of Ferguson because King and Tahan failed to show that Ferguson's proffered reasons were pretextual.

On appeal, King and Tahan argue that they made out a *prima facie* case of gender and pregnancy discrimination.  They argue that they have shown that each of Ferguson's proffered reasons were pretextual.   Finally, they assert that they can survive summary judgment under *Smith v. Lockheed-Martin*, 644 F.3d 1321 (11th Cir. 2011), because they have presented a convincing mosaic of circumstantial evidence that would allow a jury to infer intentional discrimination by Ferguson. We are not persuaded and therefore affirm.

## I.

We review the District Court's summary judgment *de novo*.  *Weeks v. Harden Mfg. Corp.*, 291 F.3d 1307, 1311 (11th Cir. 2002).  Summary judgment is proper when the evidence, viewed in the light most favorable to the nonmoving party, presents no genuine issue of material fact and compels judgment as a matter of law.  *Burton v. City of Belle Glade*, 178 F.3d 1175, 1187 (11th Cir. 1999).  In reviewing a summary judgment, we resolve all reasonable doubts relating to the facts in favor of the nonmoving party.  *Id*.  However, "[a] mere scintilla of

3

evidence in support of the nonmoving party will not suffice to overcome a motion for summary judgment." *Young v. City of Palm Bay, Fla.*, 358 F.3d 859, 860 (11th Cir. 2004).

Title VII prohibits certain employees from "discharg[ing] any individual, or otherwise to discriminate against any individual with respect to [her] compensation, terms, conditions, or privileges of employment, because of such individual's . . . sex."  42 U.S.C. § 2000e-2(a)(1).  The term "because of sex" in Title VII includes "because of or on the basis of pregnancy, childbirth, or related medical conditions."  42 U.S.C. § 2000e(k).  We use the same analysis for claims of discrimination based on pregnancy as for claims of discrimination based on gender.  *Armstrong v. Flowers Hosp., Inc.*, 33 F.3d 1308, 1312-13 (11th Cir. 1994).

Where, as here, an employee bases her discrimination claim on circumstantial evidence, we generally apply the burden-shifting framework under *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973).  *McCann v. Tillman*, 526 F.3d 1370, 1373 (11th Cir. 2008).  Under this framework, the employee must first establish a *prima facie* case.  *Id.*  If the employee establishes a *prima facie* case, the burden shifts to the employer to provide a legitimate, nondiscriminatory reason for its action.  *Id.*  If the employer does so, the employee must then show that the employer's stated reasons are a

4

pretext for unlawful discrimination.  *Id.*  If the employer offers more than one legitimate, non-discriminatory reason, the plaintiff must rebut each reason. *Chapman v. AI Transport*, 229 F.3d 1012, 1037 (11th Cir. 2000).  An employer's subjective reason for its business decision can also be a legally sufficient, legitimate, non-discriminatory reason.  *Id.* at 1033-34.

Rebuttal requires significant probative evidence of pretext; conclusory allegations alone are insufficient.  *Mayfield v. Patterson Pump Co.*, 101 F.3d 1371, 1376 (11th Cir. 1996).  The plaintiff can show pretext "either directly by persuading the court that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence."  *Id.* (quotation omitted).  The plaintiff must identify "weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's rationale."  *Holland v. Gee*, 677 F.3d 1047, 1055-56 (11th Cir. 2012) (quotation omitted).  However, we will not second guess the employer's business judgment, and the employee cannot prevail by quarreling with the wisdom of a reason that might motivate a reasonable employer.  *Chapman*, 229 F.3d at 1030.  The plaintiff must show that a proffered reason---to amount to pretext---is false, and that discrimination was the real reason for the adverse action. *Brooks v. Cnty. Comm'n of Jefferson Cnty., Ala.*, 446 F.3d 1160, 1163 (11th Cir. 2006).  A plaintiff can do this by using the evidence relied on to establish the

*prima facie* case.  *Holland*, 677 F.3d at 1055-56.  At this stage, the plaintiff's burden "merges with the ultimate burden of persuading the court that the plaintiff has been the victim of intentional discrimination."  *Smith*, 644 F.3d at 1326 (quotation and alteration omitted).

As an initial matter, the District Court assumed without deciding that King and Tahan had established a *prima facie* case and granted summary judgment in favor of Ferguson because King and Tahan failed to show pretext.  Thus, although King and Tahan argue at length that they established a *prima facie* case, we assume that King and Tahan met this requirement.  *See Chapter 7 Trustee v. Gate Gourmet, Inc.*, 683 F.3d 1249, 1257 (11th Cir. 2012) (stating that, because it did not matter to the result, we will assume, as the district court did, that the plaintiff established a *prima facie* case).

Here, Ferguson presented eight legitimate, non-discriminatory reasons for terminating King and Tahan, and although King and Tahan provided evidence to call into question some of Ferguson's proffered reasons, they failed to show that each of Ferguson's reasons were pretextual.  *See Chapman*, 229 F.3d at 1037.[1]

II.

---

[1] King and Tahan waived their argument that Ferguson's proffered reasons were pretextual because they were "concocted" after the threat of litigation by not adequately raising this argument before the District Court.  *See Resolution Trust Corp. v. Dunmar Corp.*, 43 F.3d 587, 598-99 (11th Cir. 1995) (declining to consider an argument not raised at the district court level because it was not fairly presented to the district court).

6

King and Tahan assert that their evidence, taken together, and viewed in the light most favorable to them shows that they were terminated based on their gender and King's pregnancy.

The *McDonnell Douglas* framework does not always apply in discrimination cases, and a plaintiff will survive summary judgment if she "presents circumstantial evidence that creates a triable issue concerning the employer's discriminatory intent." *Smith*, 644 F.3d at 1328. "A triable issue of fact exists if the record, viewed in the light most favorable to the plaintiff, presents a convincing mosaic of circumstantial evidence that would allow a jury to infer intentional discrimination by the decisionmaker." *Id.* (quotation omitted).

Here, the District Court concluded that *Smith* only provides an alternative way to establish a *prima facie* case rather than an alternative analytical framework to *McDonnell Douglas*, but assumed without deciding that King and Tahan had established a *prima facie* case. Putting aside the question of whether this determination was correct, King and Tahan have failed to present a convincing mosaic of circumstantial evidence that would allow a jury to infer intentional discrimination by Ferguson.

AFFIRMED.

7